**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 19-CV-81123-MIDDLEBROOKS

KINON SURFACE DESIGN, INC.,

    Plaintiff,
v.

HYATT INT'L CORPORATION., et al.,

    Defendants.
_____/

### DEFENDANTS HYATT INTERNATIONAL CORPORATION'S AND HYATT INTERNATIONAL TECHNICAL SERVICES, INC.'S MOTION TO STAY MERITS DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS

Under Fed. R. Civ. P. 26(c) and L.R. 7.1, Defendants, Hyatt International Corporation ("HIC") and Hyatt International Technical Services, Inc. ("HITS"), appearing specially for the limited purpose of contesting personal jurisdiction, subject-matter jurisdiction, and venue, respectfully request that this Court enter an Order staying merits discovery pending the resolution of their Motion to Dismiss, [DE 52].  Permitting only limited jurisdictional discovery at this stage will minimize expenses to all parties and will aid the Court in deciding not only HIC's and HITS's pending motion to dismiss, but also Hyatt of China Ltd.'s ("HOCL") and Hyatt International Hotel Management (Beijing) Co., Ltd.'s ("HIHM Beijing") forthcoming motion to dismiss, as well as these Defendants' joint, forthcoming *forum non conveniens* motion.

In addition, such an order would follow the applicable rule of law established by the Florida Supreme Court in *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282 (Fla. 1992), and approved by the Eleventh Circuit Court of Appeals:

> We adopt the federal courts' policy allowing discovery on questions of jurisdiction because limited discovery in such instances will provide the trial court with additional information on which to base its decision regarding jurisdiction….
>
> * * *
>
> While a plaintiff should not file a frivolous complaint alleging personal jurisdiction, we recognize that averments made in good faith may not always rise to assertions which could be made under oath. Thus, a plaintiff should be able to conduct limited discovery on the jurisdictional question in order to gather facts and file an opposing affidavit. Once discovery on the jurisdictional issue is concluded, the procedure outlined in *Venetian Salami* [to address jurisdictional motions] should be followed by the trial court.
>
> We emphasize that the discovery which is envisioned by our holding here should not be broad, onerous or expansive, **nor should it address the merits of the case**. Also, where possible, the discovery should be carried out so as to minimize expense to the defendant.

*Gleneagle*, 602 So. 2d at 1284;[1] *see also, e.g.*, *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (holding that the district court did not err in dismissing an action before discovery was taken while acknowledging that the Eleventh Circuit follows the rule from *Gleneagle* that a plaintiff has a qualified right to conduct appropriately limited jurisdictional discovery); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982) (holding that a plaintiff has a qualified right to conduct jurisdictional discovery); *Hewitt v. Mobile Reach Int'l*, No. 6:06-cv-1105-0r1-31KRS, 2007 U.S. Dist. LEXIS 5846, at *1 (M.D. Fla. Jan. 26, 2007) (The "Eleventh Circuit and the Florida Supreme Court both authorize courts to permit parties to conduct limited discovery to resolve jurisdictional questions."); *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1342 n.9 (S.D. Fla. 1999) (citing *Gleneagle* and reasoning that "precedent from the Eleventh Circuit and Florida courts support a qualified right to conduct jurisdictional discovery").

In further support, HIC and HITS provide the following memorandum of law:

---

[1] All emphasis is supplied unless otherwise noted.

**MEMORANDUM OF LAW**

I. **BACKGROUND.**

On August 8, 2019, Plaintiff filed this "mulligan," China-centered action for alleged copyright infringement ("*Kinon II*"). Plaintiff's Complaint does not identify an act of alleged infringement committed by HIC and HITS within the U.S. The only allegation that ostensibly connects this case to the U.S. is HIC's and HITS' supposed posting of the accused images to <hyatt.com>. However, HIC's and HITS's jurisdictional declarations deny that allegation and, more importantly, this issue has already been fully litigated and decided in *Kinon I*, Case No. 18-cv-81065-DMM (S.D. Fla.). Indeed, in *Kinon I*, Plaintiff placed sole responsibility on Hyatt Corporation for posting the accused images to <hyatt.com>, and the jury determined that such actions did not cause Plaintiff's claimed loss. *See Kinon I*, [DEs 135 & 137]; *Kinon II*, [DE 52].

On September 30, 2019, Defendants HIC and HITS filed their *Kinon II* motion to dismiss under Rules 12(b)(1)-(3), (6), [DE 52], detailing why this Court lacks personal and subject-matter jurisdiction over HIC and HITS, and why venue is improper here. In addition, HIC and HITS explained why federal issue-preclusion and judicial-estoppel precedent bars Plaintiff from relitigating ownership and causation as to <hyatt.com>. Plaintiff's recent, specious opposition, [DE 61], misstates applicable law on issue preclusion and judicial estoppel and mischaracterizes the repeated, central position that Plaintiff pursued in *Kinon I*—*i.e.*, that Hyatt Corporation owned and was solely responsible for <hyatt.com>. Accordingly, posting the accused images to <hyatt.com> is not at issue in *Kinon II*—whether in terms of purported jurisdiction or the merits. Plaintiff cannot change the issues litigated—and resolved with finality—in *Kinon I*. *See Kinon I*, [DEs 133, 135, & 137].

On September 16, 2019, Plaintiff served merits discovery requests on both HIC and HITS, including interrogatories and requests for production.[2] On October 9, 2019, Plaintiff served HIC and HITS with Plaintiff's first request for production in aid of jurisdiction.

For the reasons articulated here, HIC and HITS respectfully request that this Court stay merits discovery pending resolution of Defendants' motions to dismiss. Discovery should be limited to the threshold issue of jurisdiction. Doing so would follow the above-cited Eleventh Circuit and Florida precedent, which recognizes that foreign defendants who challenge jurisdiction should not be put through the broad, unnecessary burden of merits discovery until jurisdiction is established. That approach is particularly appropriate here given that merits discovery already occurred in *Kinon I*.

**II.   ARGUMENT.**

Courts within this district often stay merits discovery pending resolution of a motion to dismiss for lack of jurisdiction. *See Kilma v. Carnival Corp.*, Case No. 08-20335-CIV-MOORE, 2008 U.S. Dist. LEXIS 85138, at *9 (S.D. Fla. 2008) (staying the proceedings and limiting discovery to jurisdictional issues where a party challenged jurisdiction: "The discovery must be narrowly tailored to personal jurisdiction issues and may not stray to the merits of the case."); *Gillier v. Servicios Agecom*, Civ. No. 17-23155-Civ-Scola, 2017 U.S. Dist. LEXIS 215857, at *3-4 (S.D. Fla. Nov. 27, 2017) (staying merits discovery pending a ruling on motions to dismiss for lack of personal jurisdiction); *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20194, 2017 U.S. Dist. LEXIS 4057, at *3-4 (S.D. Fla. Jan. 11, 2017) (staying merits discovery pending ruling on motion to dismiss for lack of personal jurisdiction).

---

[2] HIC and HITS later received an extension from Plaintiff's counsel to respond to these discovery requests.

Moreover, that approach is consistent with Eleventh Circuit and Florida precedent regarding the unnecessary burden and expense of responding to broad merits discovery when a defendant has raised a potentially viable jurisdictional challenge.  Under such circumstances, the plaintiff, instead, should have a qualified right to serve appropriately limited jurisdictional-discovery requests.  *See, e.g.*, *Gleneagle*, 602 So. 2d at 1284; *Posner*, 178 F.3d at 1214 n.7; *Eaton*, 692 F.2d at 729-31; *Hewitt*, 2007 U.S. Dist. LEXIS 5846, at *1; *Bosdorf*, 79 F. Supp. 2d at 1342 n.9.

Here, HIC and HITS move this Court to stay merits discovery, which will cause no prejudice to Plaintiff because merits discovery has already occurred in *Kinon I* regarding the same alleged acts of infringement.  Further, HIC's and HITS's pending motion to dismiss *Kinon II* is case-dispositive on legal issues that do not involve the merits.  Finally, HIC and HITS do not object to Plaintiff taking appropriately limited jurisdictional discovery to address the dispositive question of this Court's jurisdiction *vel non* in *Kinon II*.  *See Eaton*, 692 F.2d at 729-31; *Gleneagle*, 602 So. 2d  at 1284.

## CONCLUSION

For these reasons, good cause and reasonableness support a stay of merits discovery pending the Court's resolution of the jurisdictional questions raised, and to be raised, through Defendants' motions to dismiss.  HIC and HITS, thus, respectfully request that the Court enter an Order staying merits discovery pending rulings on Defendants' motions to dismiss.

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**  
JONATHAN D. GOINS (*pro hac vice*)  
1180 Peachtree Street NE  
Suite 2900  
Atlanta, GA 30309  
Telephone: 404.991.2160  
Facsimile:  404.467.8845

**Lewis Brisbois Bisgaard & Smith LLP**  
2 Alhambra Plaza, Suite 1110  
Coral Gables, Florida 33134  
Telephone: 786.353.0210  
Facsimile:  786.513.2249

BY: */s/ David L. Luck*

5

TODD R. EHRENREICH
JONATHAN D. GOINS
GA. BAR NO. 738593
DAVID L. LUCK
FBN 041379
JENNA L. FISCHMAN
FBN 099400

*COUNSEL FOR DEFENDANTS, HYATT INTERNATIONAL CORPORATION AND HYATT INTERNATIONAL TECHNICAL SERVICES, INC.*

**CERTIFICATE OF GOOD-FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), I CERTIFY that defense counsel conferred with Plaintiff's counsel regarding the relief sought here, and Plaintiff opposes this motion. Specifically, defense counsel, David L. Luck, e-mailed Plaintiff's lead counsel, Joel Rothman, at 11:35 a.m. on October 15, and followed up with a voicemail for Mr. Rothman at 2:35 p.m., seeking Plaintiff's position on this motion through a response e-mail or a return call.

At approximately 3:15 p.m. on October 15, Mr. Rothman called back while Mr. Luck was out of the office and spoke with Mr. Luck's assistant and paralegal, Jacqueline Perdomo. Mr. Rothman did not provide his position to Ms. Perdomo.

Defense counsel, Jenna L. Fischman, called Mr. Rothman back at 3:25 p.m. on October 15. During that approximately 15-minute call, Mr. Rothman and his colleague, Mr. Wirth, explained that they oppose this motion but would be willing to consider an informal holdback of merits discovery. Ms. Fischman disagreed with that approach.

On October 16, Plaintiff's counsel called defense counsel and sent a series of additional e-mails indicating that they had other matters that they wanted to discuss about this discovery issue, but Mr. Rothman would not convey those matters in writing. In response, Mr. Luck reiterated that HIC and HITS maintain their position that a formal motion to stay merits

discovery is necessary and highlighted Plaintiff's already-communicated opposition to such a motion.

*/s/ David L. Luck*
DAVID L. LUCK
FBN 041379

## CERTIFICATE OF SERVICE

I CERTIFY that on this 18th day of October, 2019, the foregoing was filed with the Court's CM/ECF Service. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic filing generated by CM/ECF.

*/s/ David L. Luck*
DAVID L. LUCK
FBN 041379
