UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-81123-CV-MIDDLEBROOKS

KINON SURFACE DESIGN, INC.,

    Plaintiff,

v.

HYATT INTERNATIONAL
CORPORATION *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO STAY AND MOTION TO STRIKE

THIS CAUSE is before the Court upon a Motion to Stay Merits Discovery Pending Resolution of Defendants' Motion to Dismiss, filed by Defendants Hyatt International Corporation ("HIC") and Hyatt International Technical Services, Inc. ("HITS") (collectively "Defendants") on October 18, 2019. (DE 62). Plaintiff Kinon Surface Design, Inc.'s ("Plaintiff") Moved to Strike Defendants' Motion on November 1, 2019. (DE 68). Defendants responded to Plaintiff's Motion to Strike on November 4, 2019. (DE 69). For the following reasons, Plaintiff's Motion to Stay is denied and Defendants' Motion to Strike is denied.

    a. *Motion to Strike*

Plaintiffs argue that Defendants' Motion to Stay should be stricken for a failure to confer as required by Local Rule 7.1. S.D. Fla. L.R. 7.1(a)(3). The Motion to Stay states in its page-long certificate of conferral that Plaintiff opposes the motion. Defendants acknowledge that Plaintiff's counsel "had other matters that they wanted to discuss about this discovery issue," but state that "Mr. Rothman would not convey those matters in writing." (DE 62).

Plaintiff then argued in its Motion to strike that the email exchanges were "insufficient for a meet and confer" and that Defendant improperly contends that "Plaintiff had met and conferred on a Motion we had not seen until after it was filed." (DE 68).

In response to the Motion to Strike, Defendants argue vehemently that "Plaintiff's motion is specious and violates Plaintiff's counsel's duty of candor to the Court" and would "cast a menacing shadow on a judicial system that is designed to illuminate truth and promote fairness." (DE 68 (emphasis in original) (quotation omitted)).

Conferral under Rule 7.1 is intended "to avoid unnecessary expenditure of judicial resources resolving motions that are not opposed." *Lopez v. City of W. Miami*, No. 14-23293-CIV, 2015 WL 12977328, at *2 (S.D. Fla. Dec. 11, 2015). This disagreement is a waste of judicial resources and displays an inappropriate lack of civility. I intend to decide motions in this case on the merits, not based on technical or procedural "gotchas." I am aware that the Parties in this case have an acrimonious history as a result of Kinon I, but the Parties are required to put any ill will aside and advocate for their clients on the merits. Accordingly, as I find that Defendants' certificate of conferral in the Motion to Strike was adequate, and that Plaintiff's behavior was not deserving of sanctions, the Motion to Strike is denied.

For future Rule 7.1 conferrals, I note that this should be quick and simple process. All that a conferral is designed to determine is whether the opposing Party objects to the relief sought in the motion. Rule 7.1 promotes judicial efficiency by allowing "the Court to ascertain whether it should wait for a response from the opposing party before deciding the motion." *Lopez v. City of W. Miami*, No. 14-23293-CIV, 2015 WL 12977328, at *2 (S.D. Fla. Dec. 11, 2015). If relief is opposed, I will anticipate that a more thorough explanation is forthcoming in a response.

Therefore, while I express no opinion on whether conferrals should be done verbally or in writing, I find that either method is suitable given the brevity of the required interaction.

    b. *Motion to Stay*

Defendants HIC and HITS seeks to stay discovery pending resolution of their Motion to Dismiss (DE 52) as they are appearing in this action for the limited purpose of contesting personal jurisdiction, subject-matter jurisdiction, and venue. In support, Defendants state that permitting limited jurisdictional discovery will minimize expenses and conserve resources. However, the Motions to Dismiss have already been filed and, based on a preliminary review, there is sufficient factual support to decide the personal jurisdiction, subject-matter jurisdiction, and venue issues, assuming that it is necessary to reach these issues. Therefore, in the interest of avoiding undue delay, I decline to grant the requested stay.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion to Strike (DE 68) is **DENIED**.
2. Defendants' Motion to Stay (DE 62) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 7 day of November, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE